UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AXIS SURPLUS INSURANCE
COMPANY

VERSUS

PBF ENERGY, INC., *et al*

CIVIL ACTION

21-580-SDD-EWD

### RULING

This matter is before the Court on the *Motion to Dismiss or Stay Further Proceedings*[1] filed by Defendants PBF Energy, Inc., PBF Holding Company LLC, PBFX Operating Company LLC, Chalmette Refining, LLC, Guy Swinford, and Michael Menesses (collectively, "Defendants"). Plaintiff AXIS Surplus Insurance Company ("AXIS") filed a *Response in Opposition*,[2] to which Defendants filed a *Reply*.[3] AXIS then filed a *Supplemental Memorandum*,[4] to which Defendants filed a *Sur-Reply Memorandum*.[5] For the reasons that follow, the Court finds that Defendants' *Motion to Dismiss* shall be GRANTED.

**I.    BACKGROUND**

In 2018, two men were working inside of a clay treater/pressure vessel at the Chalmette Refinery in Chalmette, Louisiana when clay material stuck to the walls of the treater fell on them and "engulfed"[6] them. One of the men died; the other was injured, and a third was injured while assisting in rescue efforts.[7] A wrongful death and personal injury

---

[1] Rec. Doc. No. 22.
[2] Rec. Doc. No. 29.
[3] Rec. Doc. No. 35.
[4] Rec. Doc. No. 41.
[5] Rec. Doc. No. 43.
[6] Rec. Doc. No. 1, p. 3.
[7] *Id*.

suit was filed against the PBF Defendants, resulting in a settlement in Louisiana state court.[8] AXIS, which insured Defendants, did not participate in that settlement, and AXIS then filed the instant declaratory judgment action, seeking a declaration that it has no duty to indemnify any of the Defendants in connection with the settlement. AXIS's declaratory judgment action was filed on October 11, 2021; two months later, on December 17, 2021, Defendants filed what they characterize as a "broader and more comprehensive"[9] action in New Jersey state court ("the New Jersey action") against AXIS and several additional insurance companies, stating claims for declaratory judgment, breach of contract and seeking compensatory damages for failure to cover the underlying claims.[10]

The existence of two legally and factually overlapping suits between these parties is the *raison d'etre* of the instant *Motion*, in which Defendants urge the Court to stay or dismiss this case pursuant to the *Brillhart* abstention doctrine and to let the "more comprehensive" New Jersey action proceed. However, after the instant *Motion* was filed, the New Jersey state court dismissed Defendants' claims against AXIS without prejudice, citing principles of comity. Notably, the New Jersey court made that dismissal conditional on the continuation of the instant suit, stating that "[i]f the [Louisiana] District Court grants Plaintiffs' motion [to dismiss], the dismissed claims may be re-instated in this action."[11]

The parties disagree on the import of the New Jersey court's order. According to AXIS, there is no longer any reason to defer to the New Jersey action, because after the dismissal of the claims against AXIS, "there is no parallel proceeding left to consider."[12]

---

[8] Case No. C-672352 in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.
[9] Rec. Doc. No. 22-1, p. 11.
[10] *PBF Energy, Inc. et al v. ACE American Insurance Company et al*, Docket No. MRS-L-002678-21, Superior Court of New Jersey Law Division for Morris County.
[11] Re. Doc. No. 41, p. 14.
[12] Rec. Doc. No. 41, p. 2.

Defendants fervently disagree, arguing that the other proceeding is still live because their "claims against AXIS are expressly subject to reinstatement [in New Jersey] if this Court dismisses AXIS's declaratory judgment action."[13] Having carefully considered the matter in light of the parties' briefs and the applicable law, including the *Trejo* factors, the Court finds that Defendants' *Motion* shall be granted and AXIS's declaratory judgment action dismissed.

## II.  LAW AND ANALYSIS

### a.  *Brillhart* Abstention

In *Brillhart v. Excess Ins. Co. of America*, the United States Supreme Court addressed federal court abstention from adjudicating declaratory judgment actions when "another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated."[14] Specifically, *Brillhart* calls upon the district court to "ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."[15] "The Fifth Circuit uses the *Trejo* factors to guide a district court's exercise of discretion to accept or decline jurisdiction over a declaratory judgment suit."[16] Those factors are:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy," and . . . [7)] whether

---

[13] Rec. Doc. No. 43, p. 5.
[14] *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 495 (1942).
[15] *Id*.
[16] *Sherwin-Williams Co. v. Holmes Cnty.,* 343 F.3d 383, 390 (5th Cir. 2003).

the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[17]

b. *Trejo* Factors

The Court will analyze the *Trejo* factors in turn.

1) Whether there is a pending state action in which all of the matters in controversy may be fully litigated

The Court finds that, although some claims were dismissed without prejudice by the New Jersey court's recent order, the New Jersey action is a pending state action in which all of the matters in this controversy may be fully litigated. The New Jersey Court found that the claims at issue in the suits were "substantially the same" and "ultimately stem from the same question which is who is obligated to submit payment for the Underlying Action."[18] The Court finds that this factor weighs in favor of dismissal.

2) Whether AXIS filed suit in anticipation of a lawsuit filed by Defendants

AXIS insists that it filed this declaratory judgment action not in anticipation of Defendants' suit but "to determine its coverage obligations"[19] after the underlying lawsuit resolved via settlement. Defendants note that AXIS filed this action only three days after Defendants came to an agreement in principle on a settlement with their other insurers and before any settlement was actually paid.[20] The timing, they argue, suggests that this "vexation and 'reactive' litigation" was filed only to gain a perceived advantage, noting

---

[17] *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994).
[18] Rec. Doc. No. 41, p. 13.
[19] Rec. Doc. No. 29-1, p. 7.
[20] Rec. Doc. No. 22-1, p. 15.

that federal courts have previously acknowledged this "race to the courthouse" as a tactic.[21]

The Court cannot look into the mind of AXIS to divine its true intentions in quickly filing this action before the broader breach of contract suit was filed, so this factor is mostly neutral. Nevertheless, AXIS's stated desire in filing this action was to "avail itself of a proper forum to adjudicate its claims,"[22] and, in the Court's view, there has been no showing that the New Jersey action does not provide such a forum.

### 3) Whether AXIS engaged in forum shopping

The PBF Defendants' principal place of business is in New Jersey, which they call their "home jurisdiction."[23] Defendants contend that AXIS rushed to file this declaratory judgment action in Louisiana to deprive them of filing in their home state and to avoid facing certain claims arising under New Jersey law, including "breach of the duty of good faith and fair dealing under New Jersey common law and violation of the New Jersey Consumer Fraud Act."[24] AXIS denies that it has any advantage here in federal court and notes that the underlying incident occurred in Louisiana and the individual Defendants in this suit, Guy Swinford and Michael Menesses, live in Louisiana.[25] AXIS also shrugs off Defendants' suggestion that it sought to sidestep New Jersey substantive law, claiming that "it is difficult to imagine how AXIS would have anticipated those state specific claims."[26] The Court finds it fairly easy to imagine how those claims could have been

---

[21] *Id.*, citing *Kinsale Ins. Co. v. Fairwinds Est. Winery LLC*, No. 3:21-CV-05968-WHO, 2021 WL 5494279, (N.D. Cal. Nov. 23, 2021) and Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599, 602 (5th Cir. 1983).
[22] Rec. Doc. No. 29-1, p. 8.
[23] Rec. Doc. No. 22-1, p. 15.
[24] *Id.* at p. 16.
[25] Rec. Doc. No. 29-1, p. 9.
[26] *Id.*

known to AXIS, which clearly does business in New Jersey, as it insured the New Jersey-based PBF Defendants. The Court finds that this factor slightly favors Defendants.

4) <u>Whether possible inequities in allowing AXIS to gain precedence in time exist</u>

Neither party cites reasons why this factor is entitled to significant weight, and the Court concludes that it is neutral.

5) <u>Whether the federal court is a convenient forum for the parties and witnesses</u>

Defendants aver that proceeding in Louisiana "would be significantly less convenient, as none of the parties or witnesses have any particular connection"[27] to this state. Although the underlying claims did arise here, those claims have been settled. The relevant witnesses to the coverage dispute are, Defendants claim, corporate parties operating out of New Jersey. AXIS challenges this claim, arguing that the issue at the heart of their suit is related to the silica exclusion in the AXIS policy, which "will not require the New Jersey centric witnesses."[28] Instead, AXIS argues that litigating "the make-up of the engineered clay will likely involve witnesses and discovery located in Louisiana."[29] In the Court's view, it is likely that some of the necessary parties and witnesses are in New Jersey, and some may be in Louisiana. Thus, this factor favors neither party.

6) <u>Whether retaining the lawsuit in federal court would serve the purposes of judicial economy</u>

Defendants contend that allowing the New Jersey action to proceed best serves judicial economy because their claims against AXIS are part of a significantly bigger picture that the broader state court suit encompasses. AXIS, meanwhile, makes various

---

[27] Rec. Doc. No.
[28] Rec. Doc. No. 29-1, p. 11.
[29] *Id*.

arguments that, in the Court's view, go to their own interest in efficiency, not the Court's. For example, AXIS cautions that its participation in the New Jersey action will force it to participate in unnecessary discovery and proceedings. The Court finds that judicial economy would be enhanced by all of the claims arising out of the underlying incident being litigated in one action. Breaking off the dispute between AXIS and the PBF Defendants has few, if any, advantages.

> 7) <u>Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending</u>

The parties agree that the seventh *Trejo* factor is inapplicable.[30]

c. <u>Analysis</u>

Applying the *Trejo* factors to guide its discretion to exercise *Brillhart* abstention, the Court found that Factors 1, 3, and 6 weighed in favor of dismissal to some extent. The Court found Factors 2, 4, and 5 to be neutral, and it was undisputed that Factor 7 is inapplicable. In the interest of judicial economy and in recognition of the fact that the New Jersey action provides a forum for the resolution of all of the claims related to the underlying lawsuit, the Court finds that the instant declaratory judgment action shall be dismissed. The essence of the *Brillhart* inquiry is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."[31] In the Court's view, Defendants have offered persuasive reasons why the New Jersey action is a better vehicle for the claims at issue, while AXIS has failed to convincingly

---

[30] *See* Rec. Doc. No. 22-1, p. 20; Rec. Doc. No. 29-1, p. 13.
[31] *Id*.

demonstrate that it would be prejudiced by proceeding in New Jersey. Although a stay of this action may have been preferable and proper at an earlier junction, the Court finds that dismissal is required now so that, pursuant to the New Jersey court's order, the claims can be reinstated.

III.     **CONCLUSION**

**ACCORDINGLY**, for the reasons stated above, Defendants' *Motion to Dismiss or Stay Further Proceedings*[32] is hereby GRANTED and this action dismissed.

Signed in Baton Rouge, Louisiana the 30th day of August, 2022.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[32] Rec. Doc. No. 22.